Filed 10/29/20  P. v. Celaya CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D077466 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF001465) |
| BENITO LUCAS CELAYA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Imperial County, Marco D. Nunez, Judge.  Affirmed.

Patrick Dudley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

We find no error in this appeal filed pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).

## FACTUAL AND PROCEDURAL BACKGROUND

On December 4, 2018, defendant pled no contest to second degree felony burglary, in violation of Penal Code section 459.  On January 3, 2019,

imposition of his sentence was suspended and he was placed on three years of formal probation, which included a condition he "obey all laws."

On March 7, 2020, Agent Martinez was sitting in his patrol car at a street corner in Calexico when he heard a scream. He drove several blocks and noticed three men: one was wearing a yellow jacket, one was wearing a grey sweater, and one was wearing a white T-shirt. The man in the white T-shirt was crawling on his hands and knees toward the street curb. He was bleeding from his face and nose. The man in the yellow jacket appeared to be taking his hands off the man in the white T-shirt. His hands were toward the man in the white T-shirt as if letting go of him or was about to grab him. The man in the grey sweater was standing about 5–10 feet away from the man in the yellow jacket.

Agent Martinez approached the men in his vehicle. The men in the yellow jacket and grey sweater began walking away. Then as Martinez drove closer to them they started running away. Martinez followed them and both men eventually stopped running and were detained by Martinez, who identified defendant as the man in the yellow jacket. Martinez testified that defendant's yellow jacket had blood on the jacket, on his hands, and face. The man in the grey sweater had blood on his clothing.

Officer Gonzales, a second officer who arrived on the scene, believed defendant was the man in a "greenish/grayish" sweater, and he saw nothing on defendant's hands to indicate he had been in a fight. He had what appeared to be blood on his pants, however. Gonzales identified the co-perpetrator as the man wearing a yellow jacket.

On March 9, 2020, the Imperial County Probation Department filed a petition for revocation of defendant's probation granted on January 3, 2019, which contained the condition he violate no laws. A probation violation

evidentiary hearing was held on April 17, 2020, simultaneously with a preliminary hearing on new charges. At the conclusion of the hearing, the court found defendant had violated his probation by committing an assault. The court determined that the victim was assaulted by both defendant and his co-perpetrator. Defendant agreed to be sentenced that day. The court then revoked and reinstated probation. The previously suspended imposition of sentence was converted to the upper term of three years in state prison. Execution of the sentence was suspended and defendant was ordered to serve 180 days in county jail.

Defendant filed a timely notice of appeal and an amended notice stating the appeal was from a contested probation revocation.

ANALYSIS

Appellate counsel has filed a brief pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738 indicating he has thoroughly reviewed the record and sees no arguable ground on which this case can be modified or reversed. He asks this court, pursuant to *Wende* and *Anders*, to independently review the record to determine if there are grounds to modify or reverse the case. To assist the court in its review, counsel, pursuant to *Anders*, points our attention to whether there is sufficient evidence to support the court's finding defendant violated his probation.

Counsel and the court have notified defendant he may file a supplemental brief on his own behalf. Defendant has not done so.

We have independently reviewed the record and briefing, as well as the *Anders* inquiry raised by defendant. We conclude there are no arguable issues which would result in modification or reversal of the probation revocation.

Defendant has been represented by competent counsel on appeal.

3

## DISPOSITION

The judgment is affirmed.

BENKE, Acting P. J.

WE CONCUR:

HUFFMAN, J.

DATO, J.